**Electronically Filed
Intermediate Court of Appeals
30169
15-NOV-2010
10:54 AM**

NO. 30169

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CATINA LOUISE BEAM, n/k/a CATINA STEFANIK,
Plaintiff-Appellant,
v.
BRUCE WOODFORD BEAM, Defendant-Appellee.


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 07-1-0232)


MEMORANDUM OPINION
(By: Foley and Ginoza, JJ. with
Nakamura, C.J. dissenting separately)

Plaintiff-Appellant Catina L. Beam, now known as
Catina L. Stefanik (Stefanik or Mother) appeals from the
October 13, 2009 "Order Re: 1) Defendant's Motion and Affidavit
for Post-Decree Relief, filed on August 1, 2008; and
2) Plaintiff's Motion For Unsupervised Visitation, filed on
July 27, 2009" (October 13, 2009 Order) entered by the Family
Court of the First Circuit (family court).[1]

On appeal, Stefanik raises nine points of error,
summarized as follows:

(1) The family court did not have "exclusive and
continuing" jurisdiction when Defendant-Appellee Bruce W. Beam
(Beam or Father) filed his Motion and Affidavit for Post-Decree

---

[1] The Honorable Jennifer L. Ching issued the October 13, 2009 Order.

Relief on August 1, 2008, and instead Texas had jurisdiction as the children's "home state";

(2) The family court erred in appointing Dr. Marvin Acklin as an evaluator and allowing his continued involvement in the case;[2]

(3) The family court erred in denying Stefanik's Motion to Dismiss and Terminate Jurisdiction filed on April 22, 2009;[3]

(4) The family court erred in denying Stefanik's Alternate Motion to Dismiss and Terminate Jurisdiction filed on June 23, 2009;[4]

(5) The family court erred in granting Beam's Motion in Limine filed on August 18, 2009, which precluded Mother from, among other things, introducing at trial any evidence of facts or circumstances prior to August 25, 2008;[5]

(6) The family court erred in denying Stefanik's Motion for Leave to Present Testimony of Dr. Robert Geffner filed on July 23, 2009;

(7) The family court erred in denying Stefanik's Motion for Testimony of Child, filed on July 30, 2009, pursuant to which she sought to have her oldest daughter, then almost 13 years old, testify regarding in which household daughter would prefer to live;

(8) The family court erred in denying Stefanik's Motion to Procure Out of State Witnesses and Evidence filed on July 30, 2009; and

---

[2] The Honorable R. Mark Browning issued these orders.

[3] The Honorable Linda K.C. Luke issued this order.

[4] The Honorable Linda K.C. Luke issued this order.

[5] The Honorable Jennifer L. Ching issued this order, as well as the respective orders involved for points of error six through eight.

(9) The family court violated Stefanik's civil rights by, among other things, denying her visitation with her children and limiting the manner of her communication with them.

Based upon a careful review of the record and the briefs submitted by the parties, having given due consideration to the arguments advanced and the issues raised by the parties, and for the reasons set forth below, we affirm the family court's October 13, 2009 Order.

I.   Jurisdictional Issues - Points of Error One and Three

Whether the family court properly exercised jurisdiction is a question of law which we review de novo. In re Doe, 96 Hawai'i 272, 283, 30 P.3d 878, 889 (2001).

For purposes of the jurisdictional analysis, the following dates and facts are relevant. Stefanik initiated this action on January 22, 2007 when she filed her complaint for divorce. On February 23, 2007, the family court issued the Decree Granting Absolute Divorce and Awarding Child Custody (Divorce Decree), which awarded legal custody jointly to both parties and awarded primary physical custody to Stefanik subject to Beam's right of reasonable visitation. On March 3, 2007, Stefanik and the children relocated to Texas. Between June and September 2007, motions and an order were filed regarding post-decree issues and jurisdiction, with the family court retaining jurisdiction.

On August 1, 2008, Beam filed a second motion for post-decree relief seeking, among other things, sole legal and physical custody. On August 25, 2008 and October 24, 2008, the family court issued orders regarding Beam's motion for post-decree relief, including an award of temporary sole legal and physical custody to Beam until further order of the court and ordering Beam not to relocate until trial on the merits scheduled for January 12, 2009. After an initial continuance of trial, the

3

court issued an order on March 19, 2009 which further continued the trial, retained jurisdiction, and allowed Beam and the children to relocate to Louisiana.[6] On April 15, 2009, Beam and the children relocated to Louisiana. On April 22, 2009, Stefanik filed a Motion to Dismiss and Terminate Jurisdiction, asserting the family court did not have jurisdiction because both parties and the children no longer resided in Hawai'i. On June 23, 2009, Stefanik filed an Alternate Motion to Dismiss and Terminate jurisdiction, asserting that Hawai'i was an inconvenient forum. On August 13, 2009, the family court issued an order denying Stefanik's motion to dismiss and her alternate motion to dismiss. Trial was held on September 14 and 15, 2009. On October 13, 2009, the family court issued the order from which Stefanik now appeals, which addresses Beam's August 1, 2008 motion for post-decree relief and a motion filed by Stefanik which sought unsupervised visitation.

With regard to Stefanik's first and third points of error, the family court properly exercised jurisdiction both before and after Beam and the children relocated to Louisiana. The requirements for the family court's exclusive and continuing jurisdiction of a child custody determination are set out in Hawaii Revised Statutes (HRS) § 583A-202 (2006 Repl.), which provides:

> (a) Except as otherwise provided in section 583A-204, <u>a court of this State which has made a child-custody determination consistent with section 583A-201</u> or 583A-203 <u>has exclusive, continuing jurisdiction</u> over the determination <u>until</u>:
> (1)   A court of this State determines that the child, the child's parents, <u>and</u> any person acting as a parent do not have a significant connection with this State <u>and</u> that substantial evidence is no longer available in this State concerning the child's care, protection, training, and personal relationships; or

---

[6]   Beam is in the military and his relocation was pursuant to military orders.

(2)     A court of this State or a court of another
        state determines that the child, the child's
        parents, <u>and</u> any person acting as a parent do
        not presently reside in this State.
   (b)     A court of this State which has made a
child-custody determination and does not have exclusive,
continuing jurisdiction under this section may modify that
determination only if it has jurisdiction to make an initial
determination under section 583A-201.

(emphasis added).

        There is no dispute that, consistent with HRS § 583A-201 (2006 Repl.), the family court had jurisdiction to issue the initial child custody determination contained in the Divorce Decree entered on February 23, 2007.  As of August 1, 2008, when Beam filed his second motion for post-decree relief, although Stefanik and the children had relocated to Texas, Beam still resided in Hawai'i.  Therefore, under the express terms of HRS § 583A-202, the family court maintained exclusive and continuing jurisdiction at that point.

        Even after Beam was allowed by court order to relocate to Louisiana with the children in April 2009, the family court properly maintained exclusive and continuing jurisdiction.  The modification proceedings initiated by Beam's August 1, 2008 motion for post-decree relief were still ongoing and pending when he and the children moved out-of-state.  By way of the orders in August and October of 2008, the family court had awarded temporary legal and physical custody to Beam, and had, *inter alia*, ordered that a custody evaluator be appointed pending a trial on the merits.  Although trial was initially scheduled for a few months later, several continuances thereafter ensued and Beam and the children were allowed to relocate.

The comments to the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) (1997) provide clear guidance on this issue.[7] As stated in the comment to § 202 of the UCCJEA:

> Jurisdiction attaches at the commencement of a proceeding. If State A had jurisdiction under this section at the time a modification proceeding was commenced there, it would not be lost by all parties moving out of the State prior to the conclusion of proceeding. State B would not have jurisdiction to hear a modification unless State A decided that State B was more appropriate under Section 207.

(emphasis added). See also Bullard v. Bullard, 3 Haw. App. 194, 200, 647 P.2d 294, 299 (1982) (citation omitted) (stating that "[s]ubject matter jurisdiction in a custody case is determined as of the time the petition is filed.").[8] Therefore, even after Beam and the children moved out-of-state in April 2009, the family court maintained exclusive and continuing jurisdiction under HRS § 583A-202.

II.  Stefanik's Claim of Inconvenient Forum -- Point of Error Four

With regard to Stefanik's fourth point of error, that the family court was an inconvenient forum and should have declined jurisdiction under HRS § 583A-207 (2006 Repl.), we review this issue for abuse of discretion.

> Generally, the family court possesses wide discretion in making its decisions and those decision will not be set aside unless there is a manifest abuse of discretion. Thus, [an appellate court] will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.

---

[7]  The Hawai'i Legislature promulgated HRS Chapter 583A in 2002, thereby enacting the UCCJEA.

[8]  Bullard addressed the Uniform Child Custody Jurisdiction Act (UCCJA), which was replaced by the UCCJEA. However, the timing for determining jurisdiction is consistent for purposes of the facts in the instant case.

Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006) (quoting In re Doe, 95 Hawai'i 183, 189-90, 20 P.3d 616, 622-23 (2001)).

As the family court found in its August 13, 2009 order denying Stefanik's Alternate Motion to Dismiss, after Stefanik initiated the case in Hawai'i and the Divorce Decree was issued, "there ha[d] been extensive post-divorce litigation in this jurisdiction," a custody evaluator was appointed in furtherance of the Hawai'i proceedings, and the trial was ordered to take place in Hawai'i before Beam and the children were allowed to relocate. Given these circumstances, the record in this case, and considering the factors in HRS § 583A-207, we conclude that the family court did not abuse its discretion in denying the Alternate Motion to Dismiss.

III. Dr. Acklin -- Point of Error Two

Stefanik argues that the family court "erred in allowing Dr. Acklin, already under Defendant's employment, to be appointed and erred again by taking no action to remedy the situation when Plaintiff made Judge Browning aware of Dr. Acklin's conflicts of interest in December 2008." Stefanik asserts that it was not revealed by Beam or the family court that Dr. Acklin was "employed" by Beam, and that Dr. Acklin's appointment violated the American Psychological Association (APA) Ethics Code 3.06 (Conflicts of Interest). Stefanik's assertions are not supported in the record and are unpersuasive.

Father proposed to have Dr. Acklin appointed as Case Manager/Special Master pursuant to HRS § 571-46(a)(5) (Supp 2009).[9] In a declaration to the court, prior to Dr. Acklin's

_____

[9] HRS § 571-46(a)(5) provided authority for the appointment, as follows:

> (a) In actions for divorce, separation, annulment, separate maintenance, or any other proceedings where there
> 
> (continued...)

7

appointment, Beam's counsel disclosed that he had consulted Dr. Acklin on May 6, 2008, with his client present, to inquire about Dr. Acklin assuming the role of Case Manager/Special Master. Beam's counsel further stated that his client had no meaningful participation in that meeting and that Dr. Acklin tentatively agreed to serve in those roles. Thus, there is nothing in the record to support Stefanik's assertion that Beam had employed Dr. Acklin and, moreover, Beam's contact with Dr. Acklin was disclosed.

After a hearing on August 13, 2008, the family court issued an order on August 25, 2008, which stated that the parties had agreed to appoint Dr. Acklin. This order was "approved as to form" by Stefanik's then-counsel, Cheryl R. Brawley. Thus, Stefanik did not object to Dr. Acklin's appointment and indeed consented to his appointment. The family court did not abuse its discretion in appointing Dr. Acklin.

Stefanik also argues that the family court reversibly erred in denying her motion in limine, which sought to have the family court "disregard and exclude any and all past and future

---

[9](...continued)

is at issue a dispute as to the custody of a minor child, the court, during the pendency of the action, at the final hearing, or any time during the minority of the child, may make an order for the custody of the minor child as may seem necessary or proper. In awarding the custody, the court shall be guided by the following standards, considerations, and procedures:

* * * *

(5)     The court may hear the testimony of any person or expert, produced by any party or upon the court's own motion, whose skill, insight, knowledge, or experience is such that the person's or expert's testimony is relevant to a just and reasonable determination of what is for the best physical, mental, moral, and spiritual well-being of the child whose custody is at issue[.]

testimony from Dr. Marvin Acklin, and any and all testimony positing that this is a case of 'parental alienation syndrome' or 'parental alienation.'" Following a hearing on the motion in limine, the court granted in part and denied in part Stefanik's motion, limiting Dr. Acklin's testimony to "the facts and circumstances which arose or occurred after August 25, 2008" and denying the motion in all other respects. Dr. Acklin testified at the trial on September 14, 2009, properly limited the scope of his testimony to events after August 25, 2008, and did not discuss the theories that Stefanik hoped to exclude.

Based on our review of the record, the family court did not abuse its discretion in allowing Dr. Acklin to testify at trial.

IV. <u>Limitation of Evidence At Trial -- Points of Error Five Through Eight</u>

The family court has broad discretion to determine appropriate evidence for trial, and this court reviews such rulings under the abuse of discretion standard. See <u>Miyamoto v. Lum</u>, 104 Hawai'i 1, 7, 84 P.3d 509, 515 (2004) (granting or denying a motion in limine is reviewed for abuse of discretion); <u>see also</u> <u>Fisher</u>, 111 Hawai'i at 46, 137 P.3d at 360 (noting that generally, the family court has broad discretion).

Stefanik's points of error five through eight all address motions regarding the type of evidence to be presented at the trial. Each of the motions involved in these points of error were addressed at a hearing before the family court on August 25, 2009. The transcript from this hearing has not been made part of the record on appeal. Moreover, transcripts from previous hearings, including the hearings on August 13, 2008 and August 25, 2008, also have not been included in the record on appeal. The only transcripts in the record on appeal are for the trial dates on September 14-15, 2009. Pursuant to Rule

9

10(b)(1)(A) of the Hawai'i Rules of Appellate Procedure (HRAP), Stefanik, as the appellant, was required to request transcripts for any points on appeal that require consideration of the oral proceedings below.

With regard to points of error five through eight, for the reasons set forth below, we conclude that the family court did not abuse its discretion.

A.    Beam's Motion In Limine

Beam filed a motion in limine to limit the trial evidence to facts after August 25, 2008, the date of the last hearing on Beam's second motion for post-decree relief and which resulted in the family court's order of temporary custody for Beam.   The family court's order granting Beam's motion in limine, which was issued on September 11, 2009, stated in pertinent part:

> 2.    The evidence which may be adduced by either party is limited and restricted only to the facts and circumstances which may have arisen after August 25, 2008;
>
> 3.    Each party is barred from re-litigating any claims or issues previously litigated and/or decided, including Mother's claims of sexual abuse or sexually inappropriate behavior by Defendant prior to August 25, 2008, and Mother's claims that Father was responsible for the breakdown of his relationship with  [daughter];
>
> 4.    The Order filed herein on October 24, 2008 by the [family court] is determined to be conclusive as to all claims which existed prior to such date, including claims that:
>
> > (a)    There was a material change of circumstances since the entry of the Divorce Decree entered herein on February 23, 2007;
> >
> > (b)    Plaintiff, and persons associated with her, have failed to facilitate a positive and harmonious relationship between the children and Father; and
> >
> > (c)    It is in the best interests of the children that temporary legal and physical custody of the minor children be awarded to Father.

(emphasis added).

At the time the family court issued its ruling on Beam's motion in limine, there had been multiple filings and at

10

least four hearings on the question of the children's custody. The family court was thus already familiar with the circumstances of the parties due to the ongoing custody litigation, and a determination on the best interests of the children had been made based on evidence provided up to August 25, 2008. Moreover, without relevant transcripts in the record on appeal, Stefanik cannot meet her burden of demonstrating error by the family court.

Custody was first addressed in the February 23, 2007 Divorce Decree. Before the Divorce Decree was issued, a hearing was held on February 12, 2007.

The family court again addressed the question of custody after Beam filed his *first* motion for post-decree relief on June 26, 2007, in which he sought physical custody of the children. In this motion, Beam alleged, among other things: that Stefanik was attempting to alienate the children from him in numerous ways including precluding or limiting the children from speaking with him by phone; that she had denied his visitation with the children earlier that month (mid-June 2007) when he went to Texas to pick them up, but Stefanik had taken them out of the state; and that Stefanik had made false reports about him to Texas Child Protective Services. In response, Stefanik filed her first motion seeking to change jurisdiction to Texas. Beam, in turn, submitted findings dated August 2, 2007 by the Texas Department of Family and Protective Services that they had "ruled out" allegations that he had sexually abused the children. Both Beam's motion and Stefanik's jurisdictional motion were heard on August 22, 2007. Along with maintaining jurisdiction, the family court did not change custody but partially granted Beam's motion for post-decree relief, ordering that: "[t]he parties shall comply with the specific wording of the Decree regarding visitation" and that "[t]he parties shall communicate by email

11

only (telephone contacts between the children & Father will continue)."

On August 1, 2008, Beam filed his *second* motion for post-decree relief, alleging multiple concerns, including that: his eldest child in particular was being alienated from him; that there were recent significant incidents in his efforts to pick up the children for their summer visit with him (including that, after receiving a call from Stefanik, the eldest child acted out on an airplane to such a degree that the flight had to be delayed); and that despite the family court's prior ruling there were still chronic violations of his visitation rights. Beam requested, *inter alia*, a psychological evaluation of the children and that he be awarded physical custody of the children. Two hearings were set and held, first on August 13, 2008 and then August 25, 2008. According to orders issued on August 25, 2008 and October 24, 2008, both parties were present at each hearing with their respective counsel, and the family court considered the testimony of the parties, as well as pleadings and exhibits submitted by them. As previously noted, the transcripts from the August 13, 2008 and August 25, 2008 hearings were not made part of the record on appeal.

As a result of the proceedings in August 2008, the family court awarded temporary physical custody to Beam. In the October 24, 2008 order, the family court made the following findings:

> The Court finds that there has been a material change of circumstances since the entry of the Divorce Decree entered herein on February 23, 2008. The circumstances at the time of the entry of the Decree were that both parties agreed to facilitate positive and harmonious relationships between the children and the other parent. Since that date, Plaintiff, and other persons associated with her, have failed to facilitate a positive and harmonious relationship with Father.
>
> The <u>Court finds that it is in the best interests of the children that temporary legal and physical custody of the minor children be awarded to Father</u>, and that the

12

> children's best interests are further served by appropriate
> further orders, set forth below, governing visitation,
> communication, evaluations, and procedures.

(emphasis added).

Stefanik does not challenge on appeal the findings in the October 24, 2008 order and therefore those findings are binding on this court. <u>Okada Trucking Co., Ltd. v. Bd. of Water Supply</u>, 97 Hawai'i 450, 458, 40 P.3d 73, 81 (2002); <u>Taylor-Rice v. State</u>, 91 Hawai'i 60, 65, 979 P.2d 1086, 1091 (1999).

We review the family court's grant of Beam's motion in limine under the abuse of discretion standard, under which we "will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason." <u>Fisher</u>, 111 Hawai'i at 46, 137 P.3d at 360.

> Moreover, and importantly,
>
> "The burden is upon appellant in an appeal to show error by reference to matters in the record, and he [or she] has the responsibility of providing an adequate transcript." *Union Building Materials Corp. v. The Kakaako Corp.*, 5 Haw.App. 146, 151, 682 P.2d 82, 87 (1984) (citing *State v. Goers*, 61 Haw. 198, 600 P.2d 1142 (1979); 9 Moore's Federal Practice ¶ 210.05[1] (2d ed. 1983)). "The law is clear in this jurisdiction that the appellant has the burden of furnishing the appellate court with a sufficient record to positively show the alleged error." *Id.* (citing *State v. Hawaiian Dredging Co.*, 48 Haw. 152, 397 P.2d 593 (1964); *Marn v. Reynolds*, 44 Haw. 655, 361 P.2d 383 (1961); *Johnson v. Robert's Hawaii Tour, Inc.*, 4 Haw.App. 175, 664 P.2d 262 (1983); *Hawaiian Trust Co. v. Cowan*, 4 Haw.App. 166, 663 P.2d 634 (1983)); *see also Lepere v. United Public Workers* 646, 77 Hawai'i 471, 887 P.2d 1029 (1995) (appellant has duty to include relevant transcripts of proceedings as part of record on appeal); *Loui v. Board of Medical Examiners*, 78 Hawai'i 21, 29 n. 17, 889 P.2d 705, 713 n. 17 (1995) (party has duty to provide appellate court with transcripts).

<u>Bettencourt v. Bettencourt</u>, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995). Without the transcripts from the relevant hearings, we are left to guess as to the extent of evidence provided to the family court during those proceedings and Stefanik cannot

establish what evidence the family court already had, or did not have, before it -- for instance, the extent of the evidence already provided to the family court on the issue of custody in the hearings on February 12, 2007, August 22, 2007, August 13, 2008, and August 25, 2008. Stefanik thus fails to meet her burden as appellant to furnish this court with a sufficient record to show the alleged error.

Given the circumstances and the record available in this appeal, we conclude that the family court did not abuse its discretion in limiting evidence at the trial to facts after August 25, 2008, the point up to which the family court had already heard evidence and decided the best interests of the children.

Further, to the extent Stefanik argues that she was not given a sufficient opportunity to address the claims raised by Beam in his August 1, 2008 motion for post-decree relief prior to the orders issued on August 25, 2008 and October 24, 2008, the record indicates otherwise. Before the initial orders amending custody were issued, the two hearings on August 13, 2008 and August 25, 2008 were held, at which point both parties appeared and testified. We conclude that the family court provided adequate opportunity for Stefanik to be heard prior to the orders being issued on August 25, 2008 and October 24, 2008.

B.   Stefanik's Motion To Present Testimony Of Dr. Geffner

Stefanik wished to call Dr. Geffner as an expert witness at trial but because of his schedule, requested that she be allowed to present his testimony by deposition, telephone, testimony, audio-visually, or by other electronic means.

There is no direct order in the record memorializing the court's denial of Stefanik's motion. However, the record on appeal contains the findings of fact and conclusions of law

14

submitted by the family court on January 11, 2010, stating in relevant part:

> On August 25, 2009, the following seven (7) motions were heard: . . . Mother's Motion for Leave to Present Testimony of Dr. Robert Geffner Pursuant to Hawaii Revised Statutes ("HRS") Section 583A-111, filed on July 23, 2009. The ruling on the motion was reserved, pending the Court's receipt and review of the report of Dr. Geffner. A further hearing was held on September 11, 2009; the motion was denied.

Because the record on appeal does not contain the transcript of the August 25, 2009 hearing or the September 11, 2009 hearing, this court cannot find error in the family court's denial. See Bettencourt, 80 Hawaiʻi at 230, 909 P.2d at 558. Stefanik has failed to establish a sufficient record to show any alleged error.

C.    Stefanik's Motion For Testimony of a Child

Stefanik argues that the family court erred in not allowing her eldest daughter to testify "as to which household she would prefer to live in." After a hearing on August 25, 2009, the court denied Stefanik's Motion for Testimony of a Child, finding "that an appearance by the minor child . . . in connection with these proceedings, whether in open court, or in chambers, would not be in her best interests."

Stefanik cites to HRS § 571-46(a)(3) to argue that a denial of her motion to have her eldest daughter testify was tantamount to the court giving "no weight to the children's wishes with regards to custody in direct violation of the Hawaiʻi Revised Statutes." HRS § 571-46(a)(3) (Supp. 2009) provides:

> (a) In actions for divorce, separation, annulment, separate maintenance, or any other proceedings where there is at issue a dispute as to the custody of a minor child, the court, during the pendency of the action, at the final hearing, or any time during the minority of the child, may make an order for the custody of the minor child as may seem necessary or proper. In awarding the custody, the court shall be guided by the following standards, considerations, and procedures:
>
> . . .

15

> (3)     If a child is of sufficient age and
>         capacity to reason, so as to form an
>         intelligent preference, the child's
>         wishes as to custody shall be
>         considered and be given due weight
>         by the court[.]

The parties' eldest daughter was not required to testify in order for the family court to consider and give "due weight" to her wishes.  There was evidence regarding this issue from Custody Evaluator Janice Wolf in her report to the court and during Wolf's testimony at trial on September 14, 2009.

As provided in Rule 45.1 of the Hawai'i Family Court Rules (HFCR), "[p]rior approval must be obtained from the court before any child is summoned to appear as a witness so that the court may determine whether to allow the testimony of the child and the form and manner in which the child's testimony will be permitted . . ."  HFCR Rule 45.1 (2009).

The decision whether to permit the child's testimony was within the discretion of the family court, and we conclude the family court did not abuse its discretion.

D.     Stefanik's Motion To Procure Out-of-State Witnesses and Evidence

Stefanik next argues that the family court erred in denying her "Motion to Procure Out of State Witnesses and Evidence pursuant to HRS § 583-111 and 583-112(a)" (Motion to Procure), thereby denying her a fair and equitable trial.

In the motion, Stefanik requested that "if, in fact, the [c]ourt proceeds to trial over [her] jurisdictional objections," that the family court request the Texas court:

> to hold an evidentiary hearing to take evidence from the
> relevant and material witnesses set forth in Exhibit A (all
> persons having direct knowledge of facts necessary for
> adjudication of the children's best interest) living in or
> near the jurisdiction of said Texas court, and to forward to
> this [c]ourt a certified transcript of the record of the hearing
> and the evidence otherwise presented.

16

Attached to the motion as an addendum was a list of twenty-six relatives, eighty-one family friends, and fifteen other individuals whom Stefanik asserted lived in or near the jurisdiction of the Texas court and who were "expected to testify in this case." Stefanik's memorandum in support of the motion listed additional witnesses who had been involved in her report of sexual abuse by Beam. Her memorandum states that all the witnesses were expected to address Beam's allegations against Stefanik that led to the temporary custody award to him. Stefanik asserted that all of the witnesses listed "possess direct knowledge of facts relevant to the children's custody and best interest, to Defendant's allegations, Dr. Acklin's assumptions and theories, and to Plaintiff's interaction and relationship with the children."

The order denying Stefanik's Motion to Procure explained why the motion was being denied:

> In light of the [c]ourt's rulings on Defendant's Motion in Limine, prior to the hearing on Motion to Procure . . . pursuant to which rulings, inter alia, the [c]ourt limited and restricted evidence which may be adduced by either party only to facts and circumstances which may have arisen after August 25, 2008, and based upon the fact that all of the witnesses sought to be called by Plaintiff pursuant to said Motion to Procure . . . could only provide testimony which would be barred by the rulings on Defendant's Motion in Limine, Plaintiff's above-referenced Motion is denied.

Given the excessive nature of Stefanik's motion seeking to have a total of one-hundred and twenty-two witnesses testify in an evidentiary hearing in Texas, the lack of the transcript from the August 25, 2009 hearing to assess any other proffer made by Stefanik for the need of these witnesses, and that the family court had limited both parties to facts after August 25, 2008, we conclude the family court did not abuse its discretion in denying this motion.

17

V.   Alleged Violation of Civil Rights

Stefanik's last argument is that her civil rights were violated when the court "ignored its inherent supervisory role in custody matters and violated [her] fundamental rights to a relationship with her children."

On appeal, this court answers questions of constitutional law "by exercising our own independent judgment based on the facts of the case.  Thus, we review questions of constitutional law under the right/wrong standard."  Doe v. Doe, 120 Hawai'i 149, 165, 202 P.3d 610, 626 (App. 2009) (quoting State v. Fields, 115 Hawai'i 503, 511, 168 P.3d 955, 963 (2007)) (internal quotation marks omitted).

There is no question that Stefanik, as a mother, "had a fundamental liberty interest in her right of care, custody, and control" of her children.  Doe v. Doe, 120 Hawai'i at 168, 202 P.3d at 629.

> [U]nder the Fourteenth Amendment of the United States Constitution and article 1, section 5 of the Hawai'i Constitution, the State may not deprive her of this interest without providing a fair procedure for deprivation.  'At its core, procedural due process of law requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner before governmental deprivation of a significant liberty interest.'

(internal citations omitted).

Here, the family court held two hearings before it issued orders temporarily modifying the child-custody determination in August 2008.  Thereafter, there were numerous motions, hearings, settlement conferences, and a two-day trial.  Throughout these extensive proceedings, Stefanik had notice and fully and vigorously participated.  On appeal, she fails to make a showing that her civil rights have been compromised.

VI.  Conclusion

We therefore affirm the family court's "Order Re: 1) Defendant's Motion and Affidavit for Post-Decree Relief, filed on August 1, 2008; and 2) Plaintiff's Motion For Unsupervised Visitation, filed on July 27, 2009" entered on October 13, 2009.

DATED:  Honolulu, Hawai'i, November 15, 2010.

On the briefs:

Catina L. Stefanik
Plaintiff-Appellant

Bruce Woodford Beam
Defendant-Appellee

Associate Judge

Associate Judge